## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KIMBERLY HANBACK,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | **Jury Trial Demanded** |
| **REAL DETAIL ENTERPRISES, INC.** and | : | |
| **MICHELLE BABBITT,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

### COMPLAINT

Plaintiff Kimberly Hanback ("Ms. Hanback"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Real Detail Enterprises, Inc.  ("Real Detail") and Michelle Babbitt and ("Babbitt") and shows the Court as follows:

### INTRODUCTION

1.

Ms. Hanback brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due but unpaid overtime compensation; (2) an additional like amount as liquidated damages; and (3)  to be reimbursed her costs of litigation, including her reasonable attorneys' fees.

2.

In addition to her federal causes of action, Ms. Hanback asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are Count (2) breach of contract, Count (3) *quantum meruit* and Count (4) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Ms. Hanback's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Real Detail is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

Ms. Hanback resides in Douglas County, Georgia.

7.

Real Detail employed Ms. Hanback as a Data Entry Clerk and Office Manager in and around Douglasville, Georgia from June 11, 2012 until June 20, 2014.

8.

Real Detail suspended Ms. Hanback's employment on May 28, 2014.

9.

Ms. Hanback's last date worked on behalf of Real Detail was May 28, 2014.

10.

Real Detail terminated Ms. Hanback's employment on June 20, 2014.

11.

During the relevant time period, two or more employees of Real Detail, including Ms. Hanback, used the following instrumentalities of commerce in the performance of its commercial purposes: U.S. Mail, interstate phone service, interstate computer networks, interstate traveling systems and interstate banking services that included transactions across state lines.

12.

During the relevant time period, Ms. Hanback used the instrumentalities of commerce including use of the postal system, the interstate phone system and the internet in the performance of her duties.

13.

At all times material hereto, Ms. Hanback was an "employee" of Real Detail as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

14.

From on or about June 11, 2012 until May 28, 2014, Ms. Hanback was "engaged in commerce" as an employee of Real Detail as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

Real Detail is a corporation organized under the laws of the State of Georgia.

16.

At all times material hereto, Real Detail was an "employer" of Ms. Hanback as defined in FLSA § 3(d), 29 U.S.C. §203(d).

17.

From on or about June 11, 2012 until May 28, 2014, Real Detail was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

18.

During 2012, Real Detail had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, Real Detail had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2014, Real Detail had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, Real Detail had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, Real Detail had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2014, Real Detail had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, Real Detail had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

25.

During 2013, Real Detail had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

26.

During 2014, Real Detail had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

27.

At all times material hereto, Real Detail has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

28.

Real Detail is subject to the personal jurisdiction of this Court.

29.

Real Detail may be served with process on its CEO/CFO Michelle Babbitt at its principal office located at 4271 Tanyard Creek Drive, Douglasville, GA 30135.

30.

Babbitt resides within Douglas County, Georgia.

31.

At all times material hereto, Babbitt exercised operational control over the work activities of Ms. Hanback.

32.

At all times material hereto, Babbitt was involved in the day to day operation of the Real Detail in which Ms. Hanback worked.

33.

At all times material hereto, Real Detail vested Babbitt with supervisory authority over Ms. Hanback.

34.

At all times material hereto, Babbitt exercised supervisory authority over Ms. Hanback.

35.

At all times material hereto, Babbitt scheduled Ms. Hanback's working hours or supervised the scheduling of Ms. Hanback's working hours.

36.

At all times material hereto, Babbitt exercised authority and supervision over Ms. Hanback's compensation.

37.

At all times material hereto, Babbitt has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

38.

Babbitt is subject to the personal jurisdiction of this Court.

39.

Babbitt may be served with process at her residence located at 4271 Tanyard Creek Drive, Douglasville, GA 30135.

40.

At all times material hereto, Ms. Hanback was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

41.

At all times material hereto, Real Detail did not employ Ms. Hanback in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

42.

At all times material hereto, Real Detail did not employ Ms. Hanback in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

43.

At all times material hereto, Real Detail did not employ Ms. Hanback in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

44.

At all times material hereto, Real Detail  did not employ Ms. Hanback in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

45.

During the relevant time period, Ms. Hanback did not exercise discretion in making significant business decisions.

46.

During the relevant time period, Ms. Hanback's primary duty was data entry.

47.

During the relevant time period, Ms. Hanback often skipped her lunch period with the knowledge of Defendants.

48.

During the relevant time period, Ms. Hanback often worked beyond the time that she clocked out with the knowledge of Defendants.

49.

From approximately June 11, 2012 through approximately May 2013, Defendants compensated Ms. Hanback on an hourly basis.

50.

From approximately June 11, 2012 through approximately May 2013, Defendants gave Ms. Hanback the job title of Data Entry Clerk.

51.

From approximately June 2013 through May 28, 2014, Defendants compensated Ms. Hanback on a salaried basis.

52.

From approximately June 2013 through May 28, 2014, Defendants changed Ms. Hanback's title to Office Manager.

53.

Ms. Hanback's job duties did not change materially after she was given the title of "Office Manager".

54.

At all times material hereto, Defendants misclassified Ms. Hanback as an exempt employee.

55.

Real Detail failed to pay Ms. Hanback for any work she performed in excess of forty (40) hours in each work week from June 11, 2012 through May 28, 2014.

**COUNT I — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS**

56.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

57.

At all times material hereto, Ms. Hanback was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

58.

During her employment with Defendants, Ms. Hanback regularly worked in excess of forty (40) hours each week.

59.

Defendants failed to pay Ms. Hanback at one and one half times her regular rate for work in excess of forty (40) hours in any week from June 11, 2012 through May 28, 2014.

60.

Defendants willfully failed to pay Ms. Hanback at one and one half times her regular rate for work in excess of forty (40) hours in any week from June 11, 2012 through May 28, 2014.

61.

Ms. Hanback is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

As a result of the underpayment of overtime compensation as alleged above, Ms. Hanback is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

As a result of the underpayment of overtime compensation as alleged above, Ms. Hanback is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II – BREACH OF CONTRACT AS TO DEFENDANT REAL DETAIL**

64.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

65.

Hanback and Real Detail were parties to a contract of employment (hereafter "the Contract") from on or about June 11, 2012 through March 28, 2014.

66.

The Contract provided that Real Detail would pay Ms. Hanback for work that was performed by Ms. Hanback on behalf of and for the benefit of Defendant.

67.

Defendant's failure to pay Ms. Hanback for work she performed during at least six (6) Saturdays and during the week of May 2, 2014 through May 6, 2014 constitutes a material breach of the Contract.

68.

As the direct and foreseeable result of this breach, Ms. Hanback has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT III – QUANTUM MERUIT AS TO DEFENDANT REAL DETAIL**

69.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

70.

From on or about June 11, 2012 through May 28, 2014, Ms. Hanback served as a Data Entry Clerk and Office Manager for Defendant.

- 14 -

71.

Ms. Hanback's service as a Data Entry Clerk and Office Manager for Real Detail as described above was valuable to Defendant.

72.

Real Detail requested Ms. Hanback's service as a Data Entry Clerk and Office Manager.

73.

Real Detail knowingly accepted Ms. Hanback's service as a Data Entry Clerk and Office Manager.

74.

The receipt of Ms. Hanback's services as a Data Entry Clerk and Office Manager for Real Detail without compensation would be unjust.

75.

Ms. Hanback expected to be compensated at the time she provided her services as a Data Entry Clerk and Office Manager.

76.

Ms. Hanback is entitled to a recover from Real Detail the reasonable value of the services she provided as a Data Entry Clerk and Office Manager for Defendant, in an amount to be determined at trial.

**COUNT IV - PROMISSORY ESTOPPEL AS TO DEFENDANT REAL DETAIL**

77.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

78.

On June 11, 2012, Real Detail promised to pay Ms. Hanback in return for Plaintiff's service as a Data Entry Clerk and Office Manager for them.

79.

Real Detail should have reasonably expected that Ms. Hanback would induce action in reliance of said promise, i.e., serve as a Data Entry Clerk and Office Manager for Defendant.

80.

Real Detail's promise induced Ms. Hanback to act in reliance thereof, i.e., to serve as a Data Entry Clerk and Office Manager for Defendant, to her detriment.

81.

Ms. Hanback's service as a Data Entry Clerk and Office Manager for Real Detail conferred a benefit on Defendant.

82.

Real Detail failed to pay Ms. Hanback in accordance with their promise.

83.

Ms. Hanback relied on Defendant's promise.

84.

Ms. Hanback's reliance on Defendant's promise was reasonable.

85.

Injustice can only be avoided by enforcement of Defendant's promise.

86.

Ms. Hanback is entitled to a recover from Real Detail the reasonable value of the services she provided as a Data Entry Clerk and Office Manager for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,


3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

Delong Caldwell Bridgers
& Fitzpatrick, LLC

/s/ Michael A. Caldwell.
Michael A. Caldwell
Ga. Bar No. 102775
/s/Charles R. Bridgers
Charles R. Bridgers
Ga. Bar No. 080791
Counsel for Plaintiff