## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KIMBERLY HANBACK,                         )
                                          )
                    Plaintiff,            )
                                          )        CIVIL ACTION FILE
            Vs.                           )        NO:  1:14-CV-2283-TWT
                                          )
REAL DETAIL ENTERPRISES, INC.             )
And MICHELLE BABBITT,                     )
                                          )
                    Defendants.           )
_____

## JOINT MOTION FOR ENTRY OF ORDER
## APPROVING SETTLEMENT AND DISMISSING ACTION

COME NOW, Plaintiff and Defendants and hereby jointly move the Court to enter the attached order approving the settlement of the above-styled action (the "Lawsuit") and dismissing the Lawsuit with prejudice.  In support of this Motion, the parties show the Court as follows:

This is an action filed by one Plaintiff under the Fair Labor Standards Act ("FLSA") and other state law claims related to Plaintiff's employment with Real Detail Enterprises, Inc. ("Real Detail"). Plaintiff worked in Real Detail's office. Real Detail provides car detailing services to car dealerships and Michelle Babbitt is the principal of Real Detail.

In the Lawsuit, Plaintiff contends, among other things, that she was not paid minimum wage for all hours worked during her employment and for all overtime she was entitled to be paid, in violation of the FLSA.  Consequently Plaintiff alleges she is owed unpaid minimum wages, liquidated damages and attorneys' fees and expenses of litigation.

Throughout this Lawsuit and continuing Real Detail and Babbitt have denied that they failed to properly pay Plaintiff for all hours worked and they have further contended that during part of her employment Plaintiff was an exempt employee not entitled to overtime compensation under the FLSA.  Defendants further contend that even if one or both of them is liable to Plaintiff for some amount, she is not entitled to the amount she sought in the Lawsuit.

The Parties have worked to resolve this case without protracted litigation, and notwithstanding their respective positions, they have concluded that it is in all of their best interests to compromise and settle their disputes in order to avoid the expense and inconvenience of further proceedings.  As part of said settlement, the Parties have entered into a Settlement Agreement (see attached), in which Defendants deny all liability but agree to make certain payments to Plaintiff in order to finally resolve the Lawsuit.  The Parties further agreed that Plaintiff is entitled to recover reasonable attorneys' fees and costs under applicable legal principles.

In arriving at the settlement amount, the Parties examined time sheets and pay records prepared by Plaintiff.  They then considered that Plaintiff contended that she worked hours in addition to those reflected on her time cards, and that Defendants denied that she had done so.  The Parties also considered other factors which they believed would bear on the ultimate determination of Plaintiff's claims. After considering all of these factors, the Parties calculated an amount which they believe will fully compensation Plaintiff for all overtime she could recover at trial, plus liquidated damages throughout the entire period of her employment, and interest

Only after the Parties agreed to the amount of damages to be paid to the Plaintiff, did they attempt to negotiate separately an amount of attorneys' fees and litigation expenses to be paid to Plaintiff's counsel in addition to the damages payments to Plaintiff. The Parties have agreed that reasonable attorney fees and costs in this matter are $15,000. This amount includes $400 in costs. It represents a compromise of approximately 22 percent from the actual amounts billed by Plaintiff's counsel. Plaintiff's claims for attorney fees and litigation expenses were negotiated arms-length by Plaintiff's counsel and Defendants' counsel, and the agreed payment of fees and expenses in no way diminishes or reduces the amount of damages received by Plaintiff under the Settlement Agreement.

Based on the foregoing, the Parties, through their respective counsel, jointly represent to the Court that the terms of the Settlement Agreement are fair and reasonable under the facts and circumstances of this case, and that Plaintiff will receive fair and just compensation for all monies to which she is or could claim to be entitled under the FLSA, including minimum wages, overtime, liquidated damages, interest and attorney fees.

The Parties therefore submit the Settlement Agreement to the Court and request that following its review of the same the Court approve the terms of the Settlement Agreement and dismiss the Lawsuit with prejudice. The Parties further request the Court to retain jurisdiction of this matter for the sole purpose of enforcing the terms of the Settlement Agreement.

WHEREFORE, the Parties respectfully request the Court enter an Order finding that the Parties' Settlement Agreement is fair and reasonable and is approved, and dismissing the pending Lawsuit with prejudice. A proposed Order is submitted herewith.

Submitted this **13th** day of August, 2015 by:


*/s/ Rhonda L. Klein*                         */s/ Michael A. Caldwell*
Rhonda L. Klein, Esq.                          Michael A. Caldwell
Georgia Bar No. 425074                  Georgia Bar No. 102775
J. Larry Stine                                    Charles R. Bridgers
Georgia Bar No. 682555                  Georgia Bar No. 080791

WIMBERLY, LAWSON, STECKEL,
    SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road
Atlanta, GA 30326
Ph:  (404) 365-0900
rlk@wimlaw.com
jls@wimlaw.com

*Attorneys for Defendant*

DeLONG, CALDWELL, BRIDGERS,
    FITZPATRICK & BENJAMIN, LLC
Suite 3100 Centennial Tower
101 Marietta St. N.W.
Atlanta, Ga. 30303
Ph: (404)979-3150
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendants hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point font) in accordance with Local Rule 5.1B.

So certified this **<u>13th</u>** day of August, 2015.

**<u>/s/ Rhonda L. Klein</u>**
Rhonda L. Klein, Esq.
Georgia Bar No. 425074
J. Larry Stine
Georgia Bar No. 682555

Wimberly, Lawson, Steckel, Schneider & Stine, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road
Atlanta, GA 30326
Ph:  (404) 365-0900
rlk@wimlaw.com                    *Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KIMBERLY HANBACK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Vs.** | ) | **NO:  1:14-CV-2283-TWT** |
| | ) | |
| **REAL DETAIL ENTERPRISES, INC.** | ) | |
| **And MICHELLE BABBITT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing *JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND DISMISSING ACTION* with the Clerk of Court using the CM/ECF system which will automatically send email notification to the attorneys of record:

Michael A. Caldwell, Esq.
Charles R. Bridgers, Esq.
DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC
101 Marietta Street, Suite 3100
Atlanta, Georgia  30303
Phone:  (404) 979-3154
*michaelcaldwell@dcbflegal.com*

This **13th** day of August, 2015.

**/s/ Rhonda L. Klein**
Rhonda L. Klein, Esq.
Georgia Bar No. 425074

**WIMBERLY LAWSON STECKEL
 SCHNEIDER & STINE, P.C.**
3400 Peachtree Rd, NE
Suite 400, Lenox Towers
Atlanta, Georgia 30326
Ph:  (404) 365-0900
Email:  rlk@wimlaw.com
 *Attorney for Defendant*