# AGREEMENT

Kimberly Hanback on behalf of all of her heirs, executors, administrators, successors and assigns ("Employee") and Real Detail Enterprises, Inc. ("Real Detail") and Michelle Babbitt (collectively referred to as "Company") have reached an Agreement as follows:

(1) Employee's employment with Real Detail was terminated effective May 28, 2014.

(2) In consideration of the release, covenant not to sue, and the other consideration provided for in this Agreement, the Company agrees that it will pay Employee the gross sum of Eight Thousand Dollars and no cents ($8,000.00) ("Settlement Payment") as full and final settlement of any and all matters and disputes between Employee and the Company up to the date of this Agreement. The Settlement Payments shall be allocated and paid within five (5) business days of the Effective Date of this Agreement as follows:

- (a) One check payable to Employee in the amount of four thousand dollars and no cents ($4,000.00) less legally required withholdings based on the last form W-4 submitted by Employee to Real Detail, to be reported by Real Detail as W-2 income to Employee.

- (b) One check payable to Employee in the amount of four thousand dollars and no cents ($4,000.00) to be reported by Real Detail as 1099-miscellaneous income to Employee.

- (c) No payment shall be made for punitive damages.

- (d) The Parties have agreed that Defendant will pay reasonable attorney fees and costs incurred in prosecuting this matter. The Parties will either agree upon the amount or present to the issue to the Court for determination.

- (e) The amounts shall be paid within ten business days after court approval of this settlement.

(3) Other than the withholding described in 2(a) above, Employee agrees that she is responsible for paying all taxes, if any, that are due as a result of the payments provided for in paragraph 2 above, and Employee agrees to indemnify and hold harmless the Company, and its affiliated entities for the payment of any additional taxes, interest, penalties, and/or attorneys' fees it may incur because of Employee's failure to pay any additional taxes which may be due on the Payments being made pursuant to 2 above.

(4) Except where expressly prohibited by law, Employee, on behalf of herself and any and all persons who may act for or on her behalf, releases and forever discharges the

Company and its affiliated business entities, subsidiaries, parent and sister corporations, predecessors, successors, affiliates, assigns, trustees, shareholders, partners, insurers, guarantors and all directors, officers, employees, agents, attorneys and other representatives of any of the foregoing (the "Released Parties") from all actual and potential claims, complaints, demands, causes of action, damages, costs, expenses, fees, and other liabilities of every sort and description, direct or indirect, fixed or contingent, known or unknown, suspected or unsuspected, and whether or not liquidated, including, without limitation, claims based upon preexisting acts occurring at any time up to the date of this Agreement, which may result in future damages or injury arising out of, caused by, or otherwise related in any way to:

(a) 42 U.S.C. §1981;

(b) Americans with Disabilities Act;

(c) Executive Order 11246;

(d) Equal Pay Act;

(e) ERISA

(f) Rehabilitation Act of 1973;

(g) Immigration Reform and Control Act;

(h) Title VII, Civil Rights Act of 1964;

(i) USERRA;

(j) Section 11(c), Occupational Safety and Health Act;

(k) The Health Insurance Privacy and Portability Act;

(l) The Fair Labor Standards Act;

(m) The Family and Medical Leave Act;

(n) The Age Discrimination in Employment Act

(o) The Sarbanes- Oxley Act;

(p) The Frank-Dodd Act;

(q) The violation of any state or federal law, or any local ordinance;

(r) The claims alleged by in the Complaint filed in the United States District Court for the Northern District of Georgia, Civil Action No. 1:14-CV-2283-TWT ("Litigation"); and,

(s) Any other matter.

(5) Except as is expressly prohibited by law, Employee, on behalf of herself and any and all persons who may act for or on her behalf, covenants not to sue, releases, and forever discharges the Company from all actual and potential claims, except claims that may arise as to the enforcement of this Agreement, complaints, demands, causes of action, damages, costs, expenses, fees, and other liabilities of every sort and description, direct or indirect, fixed or contingent, known or unknown, suspected or unsuspected, and whether or not liquidated, including, without limitation, claims based upon preexisting acts occurring at any time up to the date of this Agreement which may result in future damages or injury arising out of, caused by, or otherwise related in any way to any matter, including, but not limited to those identified in paragraph 4(a)-(s) above.

(6)     Except as expressly prohibited by law, Employee agrees not only to release the Released Parties from any and all claims which she has made or could make on her own behalf, but also any and all claims and other matters as described in paragraph 4, which may be made or could be made by any other person or organization on her behalf. Employee specifically waives any right to become, and promises not to become, a member of any class or other group in a case in which a claim against Real Detail or Babbitt, whether known or unknown, fixed or contingent is made involving any events occurring up to and including the date of this Agreement

(7)     Employee and the Company agree that the consideration described in paragraph 2 above and elsewhere herein is given in full accord and satisfaction of any and all claims that Employee has or may have against the Real Detail or Babbitt.

(8)     Employee represents that she has delivered to the Company all property of any kind or nature (including all copies of documents) belonging to Real Detail or Babbitt that she may have had in her possession. Employee further agrees that if she finds that she still has in her possession any property of any kind or nature belonging to Real Detail or Babbitt, she will promptly deliver it to Real Detail or Babbitt in good condition normal wear and tear excepted. This obligation shall include documents, including copies and recordings of any kind whatsoever containing information derived directly or indirectly from any Company document.

Defendants represent that they have delivered to the Plaintiff all property of any kind or nature (including all copies of documents) belonging to Plaintiff that they may have in their possession. Defendants agree that if they find that they still have in their possession any property of any kind or nature belonging to Plaintiff, they will promptly deliver it to Plaintiff in good condition normal wear and tear excepted. This obligation shall include documents, including copies and recordings of any kind whatsoever containing information derived directly or indirectly from any document belonging to Plaintiff.

(9) Employee agrees that she will not voluntarily disclose or publicize to any person or entity, except as expressly provided hereinafter, the terms or conditions of this Agreement, or the basis for any claims, demands, or negotiations giving rise to this Agreement ("Confidential Settlement Information.")

(a)     Notwithstanding anything else stated herein, Employee may disclose Confidential Information to her spouse, child(ren), 21 years of age and older, accountants, attorneys, financial advisors, the Internal Revenue Service, and any state or municipal taxing authority, and any other governmental agency to which disclosure is appropriate in connection with such agency's performance of its responsibilities; provided, however, that if Employee does so, she shall advise all such persons of her obligations under this paragraph and Employee's potential liability to the Company for the disclosure and/or publication of such Confidential Information and that to the extent they may lawfully do so, they shall agree to be bound by the terms of this nondisclosure provision.

(b) Notwithstanding anything else stated herein, it is agreed that Employee shall be permitted to disclose Confidential Settlement Information pursuant to a subpoena or other legal process and nothing stated herein shall prevent her from providing truthful information to any federal, state or local government agency or pursuant to a subpoena or other legal process; provided, however, that upon receipt of such subpoena or legal process, Employee shall promptly send written notification to the Company at the addresses set forth in below.

(c) If Employee receives an inquiry about this Agreement or the claims, facts or circumstances underlying this Agreement, she shall respond by stating in substance only that the matter was resolved to the satisfaction of the Parties.

(d) In any action to enforce this Agreement, the prevailing party shall be entitled to an award of reasonable attorney fees and costs.

(10) Neither Real Detail nor Babbitt concede that, with respect to Employee, either of them has violated any law, statute, ordinance, or contract, failed as to any duty or obligation whatsoever, or engaged in any kind of wrongful conduct. Indeed, Real Detail and Babbitt deny that either of them has engaged in any unlawful or otherwise improper conduct. Real Detail and Babbitt enter into this Agreement solely in the interest of avoiding additional costs, and Employee acknowledges that the consideration described in this Agreement is adequate and sufficient and represents a full and complete settlement and accord and satisfaction of any and all claims and/or rights as more fully described herein.

(11) In furtherance of the each parties' desire to sever their relationship without causing injury to the other, the Parties agree as follows:

(a) Employee agrees not to criticize, disparage, or otherwise demean Real Detail, including any affiliates or related entities, principals, officers, directors, or agents, or any products or services the Company may provide, or Babbitt.

(b) The Company agrees that it will not, by and through its principals, officers, directors or agents criticize, disparage, or otherwise demean Employee and Babbitt similarly agrees that she will not do so.

(12) Employee agrees that she will not seek employment with the Real Detail or any related or affiliated entity, or any other entity in which Babbitt holds any interest, in the future and that neither the Company nor any of its related or affiliated entities has any obligation to hire her.

(13) The Company agrees that if it should receive a request for a reference or other information concerning Employee's employment with the Company, it shall provide only dates of employment, position held, and salary, provided that Employee must direct all such requests to Michelle Babbitt.

(14) Employee acknowledges, represents, and warrants that:

(a) With the payments provided for herein, she will have received all monies to which she may be entitled under the FLSA and otherwise, including for minimum wages, overtime, liquidated damages, interest and attorney fees.

(b) Except for the payments provided for herein, she will not accept any further payment representing compensation, including, but not limited to compensation for time worked under the FLSA or otherwise.

(c) In the event that Employee should receive any payment representing compensation of any kind under the FLSA or otherwise as a result of an action or other proceeding, she will immediately assign and/or turn over any and all such monies to Real Detail.

(d) She has no known workplace injuries or occupational diseases.

(e) She was not denied any leave to which she may have been entitled under the Family and Medical Leave Act.

(f) She has read and understands this Agreement and she enters into it voluntarily; that this Agreement has been the result of substantive negotiations in which Employee was represented by counsel of her choosing; and that she is fully aware of its contents and of its legal effect. Accordingly, this Agreement shall not be construed against any party on the grounds that such party drafted this Agreement. Instead, this Agreement shall be interpreted as though drafted equally by all parties.

(g) Employee represents warrants and agrees she has not, and will not, assign, convey, or otherwise transfer any interest in any claims or other liabilities or obligations, which are the subject of this Agreement.

(15) The Parties acknowledge and agree that no federal, state, or local government agency is a party to this Agreement, and that this Agreement does not restrict or in any way affect any government agency's authority to investigate or seek relief in connection with any of the claims released, discharged and waived. The Parties further agree, however, that if a government agency were to pursue any claim released, discharged and waived, this by this Agreement, the Agreement shall control as the exclusive remedy and full settlement of all claims between them. This Agreement is a binding contract between private Parties, Employee and the Company, and it affects their rights only, with no impact or restriction on any third party, including any government agency.

(16) Employee agrees that upon execution of this Agreement, she will file a motion for entry of an order dismissing the Litigation; provided, however, that the Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Agreement.

(17) Any notices to be provided hereunder shall be sent to the Employee at 6729 Dorsett Shoals Road Douglasville, GA 30135 unless Employee provides the Company with written notice of another address. Any notices to be provided to the Company shall be sent to the Company c/o Michelle Babbitt at 4271 Tanyard Creek Dr. Douglasville 30135, with a copy to the Company's counsel, Rhonda L. Klein, Wimberly, Lawson, Steckel, Schneider & Stine, P.C., 3400 Peachtree St., Ste. 400, Atlanta, Georgia 30326 unless the Company or its counsel provides Employee with written notice of another address.

(18)	This Agreement constitutes the entire agreement between the Company and Employee and supersedes and annuls any prior agreement or representation of any kind.

(19)	Each of the provisions above are independent and shall be severable from the other provisions and if any provision, for any reason, is held to be illegal, invalid or unenforceable, such determination shall not affect the validity or enforceability of any other provision of this Agreement.

(20)	The failure of either party to enforce any provision of this Agreement shall not act as a waiver of that or any other provision. The waiver of any breach of this Agreement by either party shall not act as a waiver of any other breach.

(21)	This Agreement shall be construed under the laws of the State of Georgia and, where applicable, federal law.

(22)	This Agreement may not be modified except in writing signed by the Parties hereto.

(23)	The Effective Date of this Agreement will be the date it is approved by the Court in which the Litigation is pending as evidenced by an Order approving the settlement.

**Employee has carefully read this Agreement and signs this Agreement knowingly and voluntarily this _____ day of _____, 2015.**

**KIMBERLY HANBACK**

_____
Signature


**REAL DETAIL ENTERPRISES, INC.**

_____
By: Michelle Babbitt
Its: President

MICHELLE BABBITT,
INDIVIDUALLY

_____

6